IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THADDEUS MARK SURRENCY,

    Plaintiff,

v.                                    CASE NO. 1:21-cv-116-AW-GRJ

ALACHUA COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Mayo Correctional Institute (MCI) in Mayo, Florida, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983. ECF No. 1.  Plaintiff seeks leave to proceed as a pauper. ECF No. 4.  At the time the Complaint was filed, Plaintiff was an inmate at the Alachua County Jail.  ECF No. 1.  The Complaint is before the Court because Plaintiff failed to respond to the Court's order to show cause.

Previously, the Court screened the case under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A.  In screening Plaintiff's case the Court found Plaintiff's *in forma pauperis* motion was deficient because he failed to provide an executed prisoner consent and financial statement

form, together with a certified copy of his inmate account statement for the six-month period preceding the filing of his Complaint. *See* ECF No. 4. Although the Court pointed out the deficiency for correction Plaintiff has failed to correct it. ECF No. 7 at 2 n.1. Instead of correcting the deficiency Plaintiff asks the Court to "retain" his financial documents from the jail, ECF No. 6. The Court cannot do so because it is Plaintiff's obligation to provide the account statement. Plaintiff's Motion for the Court to retain his financial information from the Alachua County Sheriff's Office, ECF. No. 6, therefore, is denied.

Additionally, as explained below Plaintiff's Motion for Leave to Proceed as a Pauper, ECF No. 4, should be denied and Plaintiff's case should be dismissed without prejudice for abuse of the judicial process.

## DISCUSSION

Plaintiff's claims arise from a fight that occurred at the Alachua County jail between himself and another inmate. ECF No. 1 at 3. Plaintiff avers that he had pinned the other inmate to the ground when officers commanded them to stop. *Id.* Defendant detention officer Boulet then handcuffed Plaintiff, while Defendant Sergeant Wiggins took control over the other inmate. *Id*. Plaintiff alleges that while he was handcuffed, Sergeant Wiggins allowed the other inmate to strike him in the face,

breaking his jaw. *Id*. Plaintiff was taken to the hospital for surgery where he remained for several days. *Id*. As a result of his injuries, Plaintiff alleges that he will "never eat or talk the same again." *Id*. He contends that the officers' failure to protect him from his injuries violated his Eighth Amendment rights. *Id*. at 4. Specifically, he complains that his injuries were caused by the Defendants' "negligence" in that Defendants "allowed" the other inmate to attack him. ECF No. 1 at 4. For relief, Plaintiff seeks both compensatory damages and damages for pain and suffering. *Id*. While allegations of negligence fall short of alleging a constitutional claim for deliberate indifference the Court need not further evaluate the sufficiency of Plaintiff's complaint because Plaintiff failed to truthfully disclose his litigation history—and after the Court gave Plaintiff an opportunity to show cause why he had omitted disclosing his prior litigation history— Plaintiff failed to respond to the Court's order to show cause.

As the Court explained in detail in the Court's show cause order, the Court's *pro se* civil rights complaint form, which Plaintiff executed under penalty of perjury, requires prisoners to disclose their prior litigation history. *See* ECF No. 1. In his Complaint, Plaintiff avers that he had never had a case dismissed for a reason listed in § 1915(g) of the PLRA, which counts

as a strike, and that he had not filed any other lawsuit relating to the conditions of his confinement.  ECF No. 1 at 4-5.

As the Court previously pointed out to Plaintiff, the PACER case index reflects that Plaintiff, has, in fact, filed the following prior cases: *Surrency v. Spears,* Case No. 1:03-cv-22546 (S.D. Fla.-Miami) (involuntarily dismissed on January 27, 2005); and *Surrency v. Miami-Dade Corr. & Rehab. Dep't*, Case No. 1:03-cv-23005-ASG (S.D. Fla.-Miami) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii; and 2)).  At least one of these cases, if not both, qualify as strikes under the PLRA.

The Court issued a Show Cause Order, ordering Plaintiff to show cause on or before September 2, 2021, as to why this case should not be dismissed for abuse of the judicial process for Plaintiff's lack of candor regarding his litigation history.  ECF No. 7. In that Order, the Court warned Plaintiff that he could be subject to the sanction of dismissal of his case without prejudice. *Id*. at 6. The Court also cautioned that should Plaintiff fail to satisfactorily respond to the Court's Show Cause Order by the September 2nd deadline, the Court would recommend dismissal of the case without further notice.  *Id*. Despite this warning Plaintiff has failed to respond to the Court's Show Cause Order and the time for responding has expired.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011). In *Redmon*, the Eleventh Circuit concluded that a prisoner's failure to disclose a previous lawsuit constituted abuse of the judicial process, warranting the sanction of dismissal of his *pro se* 42 U.S.C. § 1983 action. *Id.* at 226. The plaintiff argued that he "misunderstood" the *pro se* civil rights complaint form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id.*[2] Consequently, dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

---

[2] In this case, Plaintiff obviously knew that the disclosure of prior litigation was important in that he replied in the negative to such questions, notwithstanding the fact that he appears to have constructed a complaint that resembles the correct complaint form in some but not all ways. See ECF No. 1 at 4-5.

*Id*. at 225-26; *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (upholding dismissal based on abuse of judicial process for inmate's failure to disclose prior litigation); *Shelton v. Rohrs,* 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff prisoner] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *Young v. Sec'y, Fla. Dep't of Corr.*, 380 F. App'x 939, 941 (11th Cir. 2010) (holding the district court did not abuse its discretion when it sanctioned the inmate for failing to disclose the prior cases he had filed).

The litigation history information required on the *pro se* civil rights form helps the Court determine whether the prisoner is subject to the PLRA's "three strikes" provision. It also helps the Court manage prisoner litigation by identifying whether the present lawsuit is related to or impacted by other cases. "The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal." *Evans v. Johnson*, Case No. 5:17-cv-121-MCR-GRJ, 2017 WL 2374882, *2 (N.D. Fla. Apr. 27, 2017), report and recommendation adopted at 2017 WL 2371821 (N.D. Fla. May 31, 2017); *see also Johnson v. Crawson*, Case No. 5:08-cv-300-RS-EMT, 2010 WL 1380247, at *5-6 (N.D.

Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, Case No. 3:09-cv-151-LAC-MD, 2009 WL 2432684, at *6 (N.D. Fla. Aug. 6, 2009) (adopting report and recommendation that stated: "If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court gave Plaintiff thirty (30) days to respond to the Court's Show Cause Order to explain why these cases were omitted. Plaintiff failed to do so. Plaintiff was warned that failure to respond could result in a recommendation without further notice that his case be dismissed without prejudice.  ECF No. 7 at 6-7.  In view of Plaintiff's failure to respond to the Court's show cause order there is no basis for excusing Plaintiff's lack of candor in this case.  Plaintiff made no effort to inform the Court that he had previously filed two *pro se* civil rights case.  At least one of those cases, if

not both, qualify as "strikes" under the PLRA.  Accordingly, Plaintiff's case is due to be dismissed for abuse of the judicial process.

The dismissal of this case may operate as a strike pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, upon due consideration, it is **ORDERED**:

Plaintiff's Motion for the Court to retain his financial documents from the Alachua County Sheriff's Office, ECF No. 6, is **DENIED**.

Furthermore, the undersigned respectfully **RECOMMENDS** that:

Plaintiff's Motion for leave to proceed as a pauper, ECF No. 4, should be **DENIED** and Plaintiff's case should be **DISMISSED without prejudice** for abuse of the judicial process. The Court should terminate all pending motions and the Clerk should be directed to close the case.

**IN CHAMBERS** this 13th day of September 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

**thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.[1]

---

[1] Upon review of the Florida DOC online inmate locator, it appears that Plaintiff is currently confined the Mayo C.I.  The Clerk is directed to forward a copy of this Report and Recommendation to this address and his address of record with the Court (if different).